NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIDEIA BOUIE,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER STEPHEN FINGAL, *et al.*,<br><br>    Defendants. | No. 25cv13695 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Hideia Bouie filed a complaint alleging that Defendants Officer Stephen Fingal, Officer Shirley Dong, and the Edison Police Department "unlawfully detained [her], forcibly removed [her] from her vehicle, and falsely arrested [her] without probable cause." D.E. 1 ("Complaint" or "Compl.") at 1. Plaintiff alleges that this caused her "physical bruising, emotional distress, mental anguish, and loss of liberty." *Id.* at 2.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-3 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons stated herein, the Court will **DISMISS** the Complaint *without prejudice* for failure to state a claim and allow Plaintiff **45 days** to file a proposed amended complaint.

I.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[1] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

## II.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP Application, the Court determines that Plaintiff has "establish[ed] that [s]he is unable to pay the costs of h[er] suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

### B.    Plaintiff Fails to State a Section 1983 Claim

Plaintiff brings her false arrest and excessive force claims against Defendants under 42 U.S.C. § 1983 for violating her Fourth and Fourteenth Amendment rights. D.E. 1-1 at 2. The Court finds that Plaintiff has failed to allege sufficient facts to support either claim and will therefore **DISMISS** her Complaint *without prejudice*.

"To state a plausible claim for false arrest . . . under the Fourth Amendment, a plaintiff must plead sufficient facts to support a reasonable inference that the defendants acted without probable cause and are not entitled to qualified immunity." *Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014). Police officers have probable cause to arrest "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995). The probable cause inquiry is not "whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). Here, with respect to her false arrest claim, Plaintiff alleges only that she "was not under the influence" and "had committed no crime." Compl. at 1. While she also asserts that she was arrested without probable cause, lack of probable cause "is a legal conclusion" that "do[es] not illustrate the absence of probable cause." *Gebhart v. Steffen*, 574 F. App'x 156, 159 (3d Cir. 2014). Plaintiff has alleged "no other facts that would

shed light on the circumstances under which [s]he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on" her false arrest claim. *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015). Plaintiff has accordingly failed to plead sufficient facts in her Complaint to support a reasonable inference that Defendants acted without probable cause. *See Anderson v. Yelland*, No. 15-1322, 2015 WL 4902999, at *3 (M.D. Pa. Aug. 17, 2015) (dismissing *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) where plaintiff "fail[ed] to allege facts suggesting why he believe[d] that the arrest was made in the absence of probable cause").

Plaintiff has similarly failed to plead sufficient facts regarding her excessive force claim. "To state a claim for excessive force under the Fourth Amendment, [Plaintiff] must allege that a seizure—h[er] arrest—was carried out in an unreasonable manner." *Pearson v. Krasley*, 715 F. App'x 112, 114 (3d Cir. 2017) (first citing *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005); then *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007)). Here, Plaintiff's only allegations regarding the use of force during her arrest is that she was "forcibly removed from her vehicle" and "suffered physical bruising." Compl. at 1–2. Because Plaintiff has not alleged any facts regarding how she was removed from her vehicle, "what happened leading up to the use of excessive force, [or] which officer(s) allegedly used excessive force," her Complaint "contains no allegations that [she] has a 'right to relief above the speculative level.'" *Koyi v. Borough of Tinton Falls*, No. 21-20352, 2023 WL 7195170, at *5 (D.N.J. Nov. 1, 2023) (quoting *Twombly*, 550 U.S. at 555). Plaintiff has accordingly failed to state a claim for excessive force.

The Court will nevertheless grant Plaintiff leave to file a proposed amended complaint within **45 days** to describe in more detail the circumstances under which she was arrested, including, but not limited to, (1) the offense(s) for which she was arrested, (2) the basis for her

4

assertion that Defendants lacked probable cause to arrest her, (3) how she was removed from her vehicle, and (4) which officer(s) allegedly used excessive force.

### III.     CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP Application and **DISMISS** the Complaint *without prejudice*.  Plaintiff may file a proposed amended complaint within **45 days** that cures the deficiencies identified herein.  An appropriate Order accompanies this Opinion.

Dated: October 16, 2025

_____
Evelyn Padin, U.S.D.J.

5